AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**Civil Case No.**

**Julissa Leander,** in her individual capacity

       **Plaintiff,**

v.

**4842 Morrison Road Corp.**,
 d/b/a Players Club, and
**Manuel Arellano,** an individual, and
**Philip Gutierrez,** an individual

       **Defendants.**

---

# COMPLAINT

---

## INTRODUCTION

1. Plaintiff Julissa Leander ("Plaintiff"), worked as an Entertainer/Dancer for Defendants' Night Club for just over a year starting August 1, 2021. During this time Ms. Leander's compensation consisted of only customer tips. Ms. Leander was never paid an actual wage for her work for Defendants and moreover, was required to regularly pay a significant portion of her tip money to other hourly employees as a requirement for her continued employment. To challenge these and other wage violations, Plaintiff brings this action, by and through her attorneys, against Defendants 4842 Morrison Road Corp., d/b/a Players Club, and Manuel Arellano an individual, and Philip Gutierrez an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA"), the

Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA").

2. Plaintiff Leander also brings conversion claims against Defendants, under C.R.S. § 18-4-405 and relevant case law, because Defendants' failure to pay the Plaintiff less than the minimum wage and their willful refusal to pay Plaintiff Leander's full wages are defined by relevant regulations to constitute theft of services, upon which a civil claim for conversion can lie. C.R.S. § 18-4-401 and COMPS #37–38, § 8.4.

3. Plaintiff Leander further alleges that Defendants violated the anti-retaliation provisions of the FLSA and/or CWCA by terminating her in response to her complaints regarding her employer's wage and hour violations.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. A significant portion of the events giving rise to the instant litigation occurred at the Defendants' Entertainment located at 6710 N. Federal Blvd., Denver, CO 80221, and one or more of the Defendants named herein resides in this district.

## PARTIES

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Leander v 4842 Morrison Road Corp d/b/a Players Club*
USDC, District of Colorado

Complaint
Page 2

**Defendant 4842 Morrison Road Corp. d/b/a Players Club**

7. Defendant **4842 Morrison Road Corp.** d/b/a Players Club (hereinafter "Players Club") is a corporation doing business within Adams County, and whose principal place of business is located at 6710 N. Federal Blvd., Denver, CO 80221. Its registered agent is listed with the Colorado Department of State as Players Club at the same address.

8. At all relevant times, Defendant Players Club had annual gross revenues in excess of $500,000.

9. Defendant Players Club operates as an Entertainment Nightclub located at 6710 N. Federal Blvd., Denver, CO 80221 which does business as Players Club.

10. At all relevant times, Defendant Players Club was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. Upon information and belief Defendant Players Club purchases consumables, supplies, equipment, and other necessary items to run its entertainment nightclub and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado. Further, Defendant Players Club advertises its café to the entire world using the internet, via Instagram (https://www.instagram.com/playersclubdenver/), Yelp, (https://www.yelp.com/biz/players-club-denver), and a variety of other online services. Additionally, Defendant Players Club also accepts payments by credit cards and, upon information and belief, utilizes the phone and internet lines to accept and transmit payments.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Leander v 4842 Morrison Road Corp d/b/a Players Club*
USDC, District of Colorado

Complaint
Page 3

12. At all times material to this action, Defendant Players Club was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

13. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

**Defendant Manuel Arellano**

14. Defendant Manuel Arellano, an individual, resides at 17333 E/ 98th Blvd., Denver, Colorado 80221, Denver County, upon information and belief.

15. At all times material to this action, Defendant Arellano actively participated in the business of the corporation.

16. At all times material to this action, Defendant Arellano exercised substantial control over the functions of the company's employees including Plaintiff. For example, Defendant Arellano had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

17. At all times material to this action, Defendant Arellano was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

18. Defendant Arellano has an ownership interest in and/or is a shareholder of Players Club.

**Defendant Philip Gutierrez**

1. Defendant Philip Gutierrez, an individual, resides at in the state of Colorado, upon information and belief.

2. At all times material to this action, Defendant Gutierrez actively participated in the business of the corporation.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Leander v 4842 Morrison Road Corp d/b/a Players Club*
USDC, District of Colorado

Complaint
Page 4

3. At all times material to this action, Defendant Gutierrez exercised substantial control over the functions of the company's employees including Plaintiff. For example, Defendant Gutierrez had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

4. At all times material to this action, Defendant Gutierrez was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

**Plaintiff Julissa Leander**

5. Plaintiff Julissa Leander is a resident of Colorado Springs, CO, which is in El Paso County.

6. Plaintiff Leander worked for Players Club as an Entertainer/Dancer from August 1, 2021 to August 25, 2022.

7. As an Entertainer/Dancer, Plaintiff Leander's duties and responsibilities included performing on Defendants' main stage, promoting alcohol sales, and providing personal dances for customers.

8. At all times material to this action, Plaintiff Leander was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

9. In this position, Plaintiff Leander regularly interacted with customers who were from all across the United States and the world. Plaintiff Leander promoted Defendants' alcohol sales, that originated outside of Colorado. Additionally, Defendants utilized credit card machine to process payments, for alcohol sales and to provide customers with the cash necessary to tip the nightclub's staff – including Plaintiff Leander.

10. Plaintiff Leander's primary supervisor was Manuel Arellano.

11. Plaintiff Leander estimates that generally she worked approximately 32 hours per week for Defendants.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Leander v 4842 Morrison Road Corp d/b/a Players Club*
USDC, District of Colorado

Complaint
Page 5

12. While working in this capacity, Plaintiff Leander was not expected to record her time worked. However, upon information and belief, Defendants are in possession of records that would demonstrate their employees' time and schedules, including Plaintiff Leander's.

13. Plaintiff Leander typically worked Thursday through Sunday. Plaintiff Leander's workday typically began at 6:30pm and finished around 2:00am on Thursdays and Sundays, and 3:00 am on Fridays and Saturdays. Plaintiff Leander usually worked 4 days per week.

14. While in this position, Plaintiff Leander was compensated with a pay scheme, that consisted entirely from tips generated only from Defendants' customers.

15. Plaintiff Leander's rate of pay was only tips and she never received any hourly compensation from Defendants.

16. Plaintiff Leander did not generally get a meal break of 30 minutes or more, relieved of all duties.

17. Plaintiff Leander did not generally get *bona fide* rest breaks.

18. Every shift, Plaintiff Leander was required to share her tips with both Defendants and other members of Defendants' staff:

    a. At the beginning of every shift, Plaintiff Leander was required to park her vehicle using Defendants' valet service, at the cost of $5.00 (**\*Note:** Although Plaintiff Leander paid the standard rate of the valet service, she was forced to retrieve her own vehicle at the end of her shift, at the rear of the establishment, in a dark parking lot, without escort.);

    b. Each of Defendants' three security staff received at least $5.00;

    c. Each of Defendants' one or two disc jockeys, received at least $10.00;

    d. Plaintiff Leander was required to pay $20.00 to Defendants for every private dance

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Leander v 4842 Morrison Road Corp d/b/a Players Club*
USDC, District of Colorado

Complaint
Page 6

> she performed, and
>
> e. Plaintiff Leander was required to pay a minimum $30.00 "house fee" to Defendants upon arriving for a shift, plus $10.00 thereafter for every 30-minutes of Plaintiff Leander worked.

19. Upon entering Defendants' establishment for a normal shift, Plaintiff Leander was indebted to Defendants in the amount of $60.00, which Plaintiff Leander was required to pay before leaving, if she wanted to retain her employment with Defendants.

    a. For example, if Plaintiff Leander were forced to leave before having received any tips, Plaintiff Leander was required to pay the house, doorman, and valet fees before exiting the premises.

    b. Plaintiff Leander would show that at least one such instance in fact took place, when she was forced to leave work early to attend to her sick child at home.

20. In total, Plaintiff Leander regularly paid Defendants upward of $120.00 per shift.

21. On average Plaintiff Leander took home approximately $300.00 in tips, at the conclusion of her shift.

22. On occasions where Plaintiff Leander was perceived to have had more lucrative shifts, Defendants would pressure Plaintiff Leander to pay hundreds of more dollars to the house, with the threat of continued employment; and

    a. Defendants were aware of the regular practice of its security staff, in pressuring Plaintiff Leander pay additional tips, lest such security staff fail to intervene between unruly customers and Plaintiff Leander during a private dance;

    b. Similarly, Defendants were aware of the regular practice of its disc jockeys in pressuring Plaintiff Leander pay additional tips, lest the disc jockeys confound

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Leander v 4842 Morrison Road Corp d/b/a Players Club*
USDC, District of Colorado

Complaint
Page 7

and/or curtail her performances on Defendants' stage.

23. Plaintiff Leander was required to pool her tips and share them with hourly employees who do not customarily and regularly receive such tips.

24. Plaintiff Leander was never provided with notice of any tip credit claimed by the Defendants.

25. Plaintiff Leander was never informed of the tip credit provisions under Federal or State law.

26. Plaintiff Leander was not provided with any documentation relating to daily and/or weekly tips earned.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

27. Plaintiff realleges and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

### *Failure To Pay Minimum Wage*

28. Defendants failed to pay Plaintiff the minimum wage for all hours worked, in violation of the FLSA.

### *Improper Automatic Break Deductions When Breaks Not Taken*

29. Due to the nature of her responsibilities, Plaintiff was rarely able to take any break during her shifts.

30. Defendants management was aware that Plaintiff did not regularly take breaks, free from all duties as part of Plaintiff's regular shifts.

31. To the extent that Plaintiff took any breaks at all, they were "rest periods" as defined by

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Leander v 4842 Morrison Road Corp d/b/a Players Club*
USDC, District of Colorado

Complaint
Page 8

the regulations interpreting the FLSA, 29 C.F.R. § 785.18, and were therefore compensable.

32. As a result of these deductions, Defendants failed to pay Plaintiff for all hours actually worked.

### Improper Tip Pooling Practices

33. Defendants demanded or accepted some part of gratuities received by or on behalf of the Plaintiff, thereby abnegating any entitlement to a tip credit.

### Improper Claim to Tip Credit Amount

34. Defendants had a policy and practice of paying no minimum wage and any defense of tip credit due toward Plaintiff's wages is improper.

35. During the period of Plaintiff's employment, Denver permitted tip credit only for food and beverage workers, not for Entertainers/Dancers such as Plaintiff. See Denver Revised Municipal Code Chapter Sec. 58-15(c)(3).

36. At no time during Plaintiff's employment could any lawful tip credit have been implied that would have resulted in a wage of $0.00 per hour.

### Record-Keeping Failures

37. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, tips earned or collected, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### Willful & Not Based On Good Faith & Entitlement to Damages

38. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Leander v 4842 Morrison Road Corp d/b/a Players Club*
USDC, District of Colorado

Complaint
Page 9

39. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage, overtime, tip credits, and break.  In paying Plaintiff, in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

40. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

41. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### COLORADO WAGE ACT VIOLATIONS

42. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

43. The Defendants were Plaintiff's "employer" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

44. Plaintiff is Defendants' "employee" as that term is defined by the Wage Orders / COMPS because she performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

*Failure to Pay Minimum Wage*
**(Violation of the C.R.S. § 8-6-101** *et seq.***; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

45. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

46. Specifically, Defendants paid Plaintiff at a rate $0.00 per hour.  Thus, the amount Plaintiff received in a given workweek divided by the number of hours actually worked resulted in

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Leander v 4842 Morrison Road Corp d/b/a Players Club*
USDC, District of Colorado

Complaint
Page 10

a wage less than the applicable minimum wage rate for at least some workweeks.

### *Failure to Pay Wages When Due*
**(Violation of the C.R.S. § 8-6-103)**

47. The Defendants failed to pay Plaintiff all her earned wages when due.

48. Specifically, Defendants failed to provide Plaintiff any wage per hour at any timely period as required under C.R.S. § 8-4-107.

49. Moreover, Defendants failed to pay Plaintiff all earned wages upon her termination August 25, 2022, as required by 8 C.R.S. § 8-4-109(1)(b).

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

50. Plaintiff has been separated from employment with Defendants.

51. Defendants have failed to pay Plaintiff all her wages and compensation earned during Plaintiff's employment.

52. Specifically, Plaintiff is owed:

    a. $31,777.92 in unpaid hourly minimum wage for hours worked in Defendants establishment;

    b. $3,310.20 in unpaid hourly minimum wage for breaks that Plaintiff was denied;

### *Improper Payment of Tips*
**(Violation of the C.R.S. § 8-4-103(6); Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1(10))**

53. The Defendants denied Plaintiff the presents, tips, or gratuities intended for her.

54. Plaintiff believes that $20,480.00 in unpaid tips, improperly demanded or accepted by Defendants and their agents remain owed.

### *Denial of Mandatory Rest Periods*
**(Violation of the CMWA, C.R.S. §§ 8-6-101,** *et seq.***, Wage Order 7 C.C.R. 1103-1)**

55. Defendants did not pay Plaintiff for all of her time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Leander v 4842 Morrison Road Corp d/b/a Players Club*
USDC, District of Colorado

Complaint
Page 11

of work Plaintiff performed. Wage Order/COMPS 7 C.C.R. 1103-1(7).

56. Defendants did not pay Plaintiff for all of her time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed. Wage Order/COMPS 7 C.C.R. 1103-1(8).

***Failure to Pay Wages In Response to Wage Demand***
**(Violation of the C.R.S. § 8-6-109)**

57. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated September 22, 2022.

58. Plaintiff, through counsel, issued an additional copy of this demand, attached to a cover letter dated October 7, 2022.

59. Defendant has not tendered any payment in response to this demand.

60. More than 14 days has elapsed since September 22, 2022.

61. Therefore, Defendant owes plaintiff statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

***Record-Keeping Failures; Failure to Provide Pay Stubs***
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1(12))**

62. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

    a. name, address, social security number, occupation and date of hire

    b. date of birth, if the employee is under eighteen (18) years of age

    c. daily record of all hours worked

    d. record of allowable credits and declared tips

    e. regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Leander v 4842 Morrison Road Corp d/b/a Players Club*
USDC, District of Colorado

Complaint
Page 12

63. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., Wage Order/COMPS 7 C.C.R. 1103-1(12)).

*Damages*

64. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

### As And For A Third Cause of Action:
### CONVERSION/ THEFT OF SERVICES

65. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

66. Pursuant to COMPS #36, § 8.4, failure to pay an employee less than the minimum wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

67. By failing to pay the Plaintiff all of her wages or compensation, Defendants have committed theft of services.

68. Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiff for three times the amount of the actual damages sustained in addition to costs of the action and reasonable

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Leander v 4842 Morrison Road Corp d/b/a Players Club*
USDC, District of Colorado

Complaint
Page 13

attorney fees.

### As And For A Fourth Cause of Action:
### FLSA – RETALIATION

69. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

70. Plaintiff inquired or complained verbally about the propriety of the deductions being made to her pay to her immediate superior.

71. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in activity protected under the FLSA. See *Kasten v. Saint-Gobain Performance Plastics Corp.*, 130 S. Ct. 1890 (2010) (granting certiorari).

72. Plaintiff's termination from employment was an adverse employment action.

73. Plaintiff's termination from employment was causally connected to his inquiries regarding the propriety of the deductions being made to his pay.

74. Defendant violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act.

75. As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

### As And For A Fifth Cause of Action:
### CWCA – RETALIATION

76. Plaintiff realleges and incorporates by reference each allegation contained in the

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Leander v 4842 Morrison Road Corp d/b/a Players Club*
USDC, District of Colorado

Complaint
Page 14

paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

77. Plaintiff inquired or complained about not receiving pay and not being paid for all hours worked to her supervisor, Defendant Manuel Arella.

78. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in an activity protected under COMPS § 8.5.

79. Plaintiff's termination from employment was an adverse employment action.

80. Plaintiff's termination from employment was causally connected to her inquiries regarding the propriety of Defendants' pay practices.

81. Defendants violated the provisions of COMPS § 8.5.by retaliating against Plaintiff for exercising protected rights.

82. As a result of these violations by Defendants of the CWCA, the Plaintiff is entitled to damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the CWCA; and

(B) Award Plaintiff liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C) Award Plaintiff statutory damages as provided for the CWCA; and

(D) Award Plaintiff appropriate damages for the retaliatory acts taken against through her, including back pay, front pay in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Leander v 4842 Morrison Road Corp d/b/a Players Club*
USDC, District of Colorado

Complaint
Page 15

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

amount to be determined at trial;

(E)   Award Plaintiff interest; and

(F)   Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(G)   Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **27th** day of **July**, **2023**.

ANDERSONDODSON, P.C.

*s/ Ryen C. Schimerman*
**Ryen C. Schimerman**
rschimerman@andersondodson.com
CO Bar Reg No. 54519
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401
(212) 961-7639 tel.

*s/ Mary Elizabeth Melso*
**Mary Elizabeth Melso**
mmelso@andersondodson.com
CO Bar Reg No. 56800
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401
(212) 961-7639 tel.

Attorneys for Plaintiff
